UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____

| | |
|---|---|
| Kathleen Tester,<br><br>    Plaintiff,<br>v.<br><br>Fitness 19 MN 142, LLC,<br><br>    Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of Defendant Fitness 19 LLC ("Fitness") actions in violation of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq*. and its implementing regulation, Regulation E, 12 C.F.R. § 205 *et seq*, and common law claims for conversion.

2. The EFTA establishes the basic rights, liabilities, and responsibilities of consumers who use electronic fund transfer services and institutions or persons that offer or use these services. The primary objective of the EFTA and Regulation E is the protection of consumers engaging in electronic fund transfers. 12 C.F.R. § 205.1(b).

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises out of events emanating from this District, venue is proper in this Court, and this Court has jurisdiction pursuant to 15 U.S.C § 1693 *et seq*., and 28 U.S.C. §§ 1331 and 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the transactions at issue occurred in this District, Plaintiff resides in this District, and Defendant transacts business in this district.

## PARTIES

5. Plaintiff Kathleen Tester (hereinafter "Plaintiff") is a natural person who resides in City of Apple Valley, County of Dakota, State of Minnesota. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1693a(6) and 12 CFR § 205.2(e).

6. Defendant Fitness 19 MN 142, LLC (hereinafter "Defendant Fitness") is a health and fitness club that offers membership to individuals who seek to exercise at its facilities. Defendant Fitness is a limited liability company that regularly conducts business throughout Minnesota and maintains a place of business at 23730 Hwy 7, Shorewood, MN 55331. Defendant Fitness is a "person" as defined by 12 CFR § 205.2(j), which includes any "natural person or organization, including a corporation, government agency, estate, trust, partnership, proprietorship, cooperative, or association."

## FACTUAL ALLEGATIONS

7. Defendant Fitness is a health club that offers membership to individuals who seek to exercise at its facilities.

8. Defendant Fitness requires individuals who seek membership to enter into a membership agreement contract.

9. At all relevant times hereto, unless stated otherwise, Plaintiff maintained a membership agreement contract with Defendant Fitness.

10. Pursuant to Plaintiff's agreement contract, Defendant Fitness was authorized to directly withdraw monthly dues via electronic fund transfer (EFT) from Plaintiff's bank account.

11. The debiting of Plaintiff's account for monthly dues was an electronic funds transfer under 15 U.S.C. § 1693a(7), which defines electronic funds transfer as "any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account . . . ." 15 U.S.C. § 1693a(7); 12 C.F.R. § 205.3(b).

12. The authorization to debit Plaintiff's account was a "preauthorized electronic fund transfer" defined as an EFT that is "authorized in advance to recur at substantially regular intervals." 15 U.S.C. § 1693a(10); 12 C.F.R. § 205.2(k). Under the EFTA, "[a] preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing[.]" 15 U.S.C. § 1693e(a); 12 C.F.R. § 205.10(b).

13. By way of EFTs, Defendant Fitness electronically withdrew moneys directly from the bank account of Plaintiff on a substantially regular monthly interval. Defendant Fitness was authorized to withdraw regular monthly dues in the amount of approximately $6.00.

14. On or around July 15th, 2013, Defendant Fitness made two unauthorized withdrawals from Plaintiff's bank account in the amounts of $165.00 and $652.50, a total of $817.50.

15. Under the EFTA, an "unauthorized electronic fund transfer" is "an electronic fund transfer from a consumer's account initiated by a person other than the consumer without actual authority to initiate such transfer and from which the consumer receives no benefit." 15 U.S.C. § 1693a(12); 12 C.F.R. § 205.2(m).

16. The July 15, 2013 withdrawals were not covered by the plain terms of Plaintiff's contract with Defendant Fitness.

17. Plaintiff did not provide Defendant Fitness with authorization, written or oral, to electronically withdraw any amount of money from her account.

18. Defendant Fitness' two withdrawals on July 15, 2013 were performed without written authorization. Defendant's withdrawals were therefore unauthorized pursuant to 15 U.S.C. § 1693a(12) and in violation of the requirements set forth in 15 U.S.C. §§ 1693a(10) and 1693e(a), and 12 C.F.R. §§ 205.2(k) and 205.10(b).

19. Alternatively, even if Defendant Fitness' withdrawals were contemplated under the monthly dues agreement with Plaintiff, the EFTA requires that businesses making EFTs in varying amounts ". . . shall, prior to each transfer, provide reasonable advance notice to the consumer, in accordance with regulations of the Board [of Governors of the Federal Reserve System], of the amount to be transferred and the scheduled date of the transfer." 15 U.S.C. § 1693e(b); 12 C.F.R. § 205.10(d).

20. Even if Defendant Fitness' disputed withdrawals were preauthorized, Defendant Fitness failed to provide Plaintiff with any advance notice, written or oral, that it intended to withdraw a large and irregular sum of moneys on July 15, 2013, in violation of the requirements set forth in 15 U.S.C. § 1693e(b) and 12 C.F.R. § 205.10(d).

21. On July 15, 2013, Plaintiff discovered the unauthorized withdrawals from her bank account.

22. Plaintiff contacted an individual at Defendant's club located in Shorewood, Minnesota. The representative that answered Plaintiff's call stated that she would need to contact Defendant's Eagan, Minnesota branch.

23. Plaintiff called the Eagan branch and left a message in the morning. Later that afternoon, a financial manager of Defendant named Delanie called Plaintiff. Representative Delanie told Plaintiff that Defendant had intentionally withdrawn the moneys from her account because it did not believe that she was a real person.

24. Plaintiff then traveled to Defendant's Eagan branch and met with Delanie on July 16, 2013 at approximately 11:30 A.M. Delanie again informed Plaintiff that the Shorewood branch of Defendant Fitness had used Plaintiff's bank account information because it did not believe that she was a real person.

25. Defendant offered Plaintiff three months of free membership, but Plaintiff refused the offer and proceeded to cancel her membership in accordance with the requirements of her contract with Defendant.

26. Plaintiff was told by Defendant that she would need to wait 24 to 48 hours before the money that had been illegally taken from her account would be refunded. Defendant offered Plaintiff free membership of up to one year.

27. On or about July 17, 2013, Plaintiff cancelled her contract with Defendant Fitness and by doing so stopped Defendant's right to conduct ACH or electronic payment withdrawals.

28. Plaintiff's money was refunded to her account on July 18, 2013, three days after the money had been illegally removed by EFT.

29. During this time, Plaintiff was on short-term disability and had limited cash available to her. Plaintiff was emotionally distressed and worried that the large, unauthorized withdrawals would cause an overdraft and fees on her account.

30. Plaintiff's fears came true during the following month. On August 20, 2013, Defendant Fitness again made an unauthorized withdrawal from Plaintiff's bank account in the amount of $165.00. As a result of this unauthorized withdrawal, Plaintiff suffered $105 in overdraft fees.

31. Defendant's August 20, 2013 withdrawal occurred after Plaintiff notified Defendant Fitness again that she no longer wished for funds to be transferred from her account. Defendant's withdrawal on August 20, 2013 was unauthorized pursuant to 15 U.S.C. § 1693a(12) and in violation of the requirements set forth in 15 U.S.C. §§ 1693a(10) and 1693e(a), and 12 C.F.R. §§ 205.2(k) and 205.10(b).

32. Even if Defendant Fitness' disputed withdrawal on August 20, 2013 was preauthorized, Defendant Fitness failed to provide Plaintiff with any advance notice,

written or oral, that it intended to withdraw a large and irregular sum of money on August 20, 2013, in violation of the requirements set forth in 15 U.S.C. § 1693e(b) and 12 C.F.R. § 205.10(d).

33. Pursuant to 15 U.S.C. § 1693m, "any person who fails to comply with any provision of this title [EFTA, 15 U.S.C. § 1693 *et seq.*] . . . is liable to such consumer" for actual and statutory damages, and reasonable attorney's fees and costs.

34. Plaintiff's money in the amount of $165.00 was refunded to her account on August 22, 2013, two days after the money had been illegally removed by EFT.

## TRIAL BY JURY

35. Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. Amend. 7. Fed. R. Civ. P. 38.

## CAUSE OF ACTION

### COUNT I.

### VIOLATION OF THE ELECTRONIC FUND TRANSFER ACT (EFTA) - 15 U.S.C. § 1693 *et seq.*

36. Plaintiff incorporates by reference the above recited paragraphs as though fully stated herein.

37. Defendant Fitness was authorized to debit Plaintiffs account through EFT at substantially regular monthly intervals for the payment of monthly dues of approximately $6.00.

38. Defendant Fitness performed three unauthorized EFTs – totaling $982.50 and causing an additional $105 in overdraft fees – from Plaintiff's account without written authorization and without advance written notice, in violation of 15 U.S.C. §§ 1693a(10), 1693a(12), 1693e(a), and 1693e(b), and the aforementioned implementing regulations under 12 CFR § 205 *et seq*.

39. As a result of the above violations of the EFTA, Plaintiff has suffered actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1693m(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1693m(a)(3).

## COUNT II.

## CONVERSION

40. Plaintiff incorporates by reference the above recited paragraphs as though fully stated herein.

41. Defendant Fitness intended to interfere with Plaintiff's right of possession of personal property.

42. Defendant Fitness interfered with and deprived Plaintiff of her right to her personal property through the unauthorized transfer of funds from her personal bank account.

43. The foregoing acts and omission of Defendant Fitness constitute a willful or reckless disregard for Plaintiffs' property interest.

44. As a result, Plaintiff is entitled to actual damages, costs, and attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant Fitness for:

- an award of actual damages, to be determined at trial, against Defendant Fitness pursuant to 15 U.S.C. § 1693m for violations of the EFTA
- an award of statutory damages of $1,000.00 against Defendant Fitness pursuant to 15 U.S.C. § 1693m for violations of the EFTA;
- an award of costs of litigation and reasonable attorney's fees against Defendant Fitness pursuant to 15 U.S.C. § 1693m for violations of the EFTA;
- actual damages, costs, and attorney's fees for conversion; and
- and for such other and further relief as may be just and proper.

Dated this 27th day of September, 2013.

                                       By: s/Thomas J. Lyons Jr._____
                                       Thomas J. Lyons, Jr., Esq.
                                       Attorney I.D. #:  249646
                                       *ATTORNEY FOR PLAINTIFF*
                                       CONSUMER JUSTICE CENTER, P.A.
                                       367 Commerce Court
                                       Vadnais Heights, MN 55127
                                       Telephone:  (651) 770-9707
                                       Facsimile:  (651) 704-0907
                                       tommycjc@aol.com

## **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

STATE OF MINNESTOA )
) ss
COUNTY OF <u>DAKOTA</u> )

I, Kathleen Tester, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

s/Kathleen Tester
Kathleen Tester

Subscribed and sworn to before me
This <u>25th</u> day of September, 2013.

s/Jeannette Lynn Daly
Notary Public